UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| ROBERT C. POTTS, and | ) | Case No. 06-20255-659 |
| BRENDA POTTS, | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 7 |
| Debtors. | ) | |
| DAVID A. SOSNE, Chapter 7 Trustee | ) | **Adversary No. 07-2007-659** |
| | ) | PUBLISHED |
| Plaintiff, | ) | |
| -v- | ) | |
| DIXIE MARKETING AND PLAYGROUND EQUIPMENT, INC., ET. AL., | ) | |
| Defendant. | ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is Plaintiff's Complaint for Declaratory Judgment, Avoidance and Recovery and Motion for Summary Judgment. Plaintiff also filed Statement of Material Uncontroverted Facts and Memorandum of Law in Support of Motion for Summary Judgment. Defendant Dixie Marketing and Playground Equipment, Inc. failed to file a response to Plaintiff's Motion for Summary Judgment. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACTS:**

Brenda Potts (hereinafter "Debtor") operated a daycare center known as Cradles and Crayons, LLC and later under the d/b/a Cradles and Crayons Daycare, located in Hannibal, Missouri from November 2004 to October 2006. On or about March 7, 2006, Debtor executed a Contract for Sale (hereinafter "Contract 1") for the purchase of certain daycare/playground equipment (hereinafter "Contract 1 Equipment") with Dixie Marketing and Playground Equipment,

Inc. (hereinafter "Dixie") in the amount of $6,486.00. Debtor made a down payment in the amount of $3,000.00 with the remaining amount payable under Contract 1 due in six (6) equal installments of $581.00 on or before April 14, 2006. On or about March 13, 2006, Debtor executed a second Contract for Sale (hereinafter "Contract 2") with Dixie for the purchase of other certain daycare/playground equipment (hereinafter "Contract 2 Equipment" and hereafter, collectively with Contract 1 Equipment, "Equipment"). Debtor made a down payment in the amount of $1,997.50 with remaining amount payable under Contract 2 due in the six (6) equal installments of $322.92 on or before May 5, 2006. Debtor did not execute a separate Security Agreement in favor of Dixie and Dixie did not file a financing statement listing the Equipment.

During the 90-day period prior to filing her bankruptcy case, Debtor transferred possession and title to most, if not all, of the Equipment to Dixie in satisfaction of all or a portion of the antecedent debt owed by Debtor to Dixie under Contract 1 and Contract 2. Subsequent to the transfer of the Equipment by Debtor, Dixie sold some of the Equipment to Alice Pipkins (hereinafter "Pipkins") and Judy Williamson (hereinafter "Williamson") for the sum of $5,425.00 pursuant to a Contract of Sale dated October 6, 2006 (hereinafter "Pipkins/Williamson Contract ").

On December 13, 2006, (hereinafter "Petition Date") Debtor, along with her spouse Robert Potts, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. David A. Sosne is the duly appointed Chapter 7 Trustee (hereinafter "Trustee"). On April 13, 2007, Trustee filed this Adversary seeking declaratory judgment, avoidance of unperfected security interest, avoidance of transfer and recovery of value of the Equipment transferred by Debtor to Dixie.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2007), and Local Rule 81-9.01(B) of the United States District Court of the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), (K) and (O) (2007). Venue is proper under 28 U.S.C. § 1409(a) (2007).

-2-

**CONCLUSIONS OF LAW**

"A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by rule 7056." *In re Gardner*, 220 B.R. 63, 64 (Bankr. E.D. Mo. 1998). "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may…move with or without supporting affidavits for a summary judgment in the party's favor…" FED. R. BANKR. P. 7056(a) (2007).

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056© (2007). The movant must demonstrate that the record does not disclose a genuine dispute of a material fact and identify that portion of the record bearing that assertion. *City of Mount Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

"When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212-13 (1986). "If the adverse party does not…respond, summary judgment, if appropriate, shall be entered against the adverse party." FED. R. BANKR. P. 7056(e)(2007). A court must view the evidence presented in a light most favorable to the non-moving party and the non-moving party must be given the benefit of any inferences reasonably drawn from such evidence. *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986); *Alpine Elec. Co. v. Union Bank*, 979 F.2d 133, 135 (8th Cir. 1992).

"Summary judgment will be granted whenever the moving party establishes all the elements necessary to prevail unless the non-moving party presents a genuine fact in dispute." *In re Gardner*, 220 B.R. at 64. "An issue of genuine fact exists and summary judgment must be denied if the court determines that there may be sufficient evidence presented at trial to allow a verdict in favor of the

non-moving party." *Id.*

Here, Trustee met his burden of proof as required under FED. R. BANKR. P. 7056(c) since Trustee filed his Complaint, Motion for Summary Judgment, Statement of Material Uncontroverted Facts and Memorandum of Law in Support of Motion for Summary Judgment. Defendant, Dixie failed to file an answer or other responsive pleading to the Motion for Summary Judgment, so there is no genuine issue in dispute.

However, the remaining issue to be determined is whether the evidence, when presented in a light most favorable to Dixie, entitles Trustee to judgment as a matter of law. Trustee argues in his Motion and is correct that he is entitled to judgment as a matter of law under Count I in that prior to filing her Chapter 7 Bankruptcy case Debtor executed Contract 1 and Contract 2 for the purchase of the Equipment with Dixie and these were credit contracts for sale of Equipment as evidenced by the documents and the parties' action, in that Dixie did not retain any ownership interest after delivery of the Equipment and did not possess a security interest in the Equipment. Therefore, Dixie had no ownership or security interest in the Equipment. Because the Court finds that Dixie did not possess a security interest in the Equipment, there is no need to consider the relief requested under Count II of the Complaint.

Trustee further argues and is correct that he is entitled to judgment as a matter of law under Count III of the Complaint in that the Equipment, after purchase, was the property of Debtor, who then transferred the Equipment to and for the benefit of Dixie on account of an antecedent debt owed by Debtor to Dixie, while Debtor was insolvent, within the ninety (90) days prior to the Petition Date. This transfer enabled Dixie to receive more that it would have received as an unsecured creditor in Debtor's Chapter 7 case. Therefore, the transfer of the Equipment to Dixie is avoided as a preferential transfer pursuant to 11 U.S.C. § 547.

Trustee argues and is correct that he is entitled to judgment as a matter of law under Count IV of the Complaint in that subsequent to the transfer of the Equipment by Debtor, Dixie sold some

-4-

of the Equipment to Pipkins and Williamson for the sum of $5,425.00.  Dixie was the initial transferee of the Equipment and to the extent that the transfer of the Equipment is avoided under Count III, the Trustee is entitled to recover the value of the equipment at no less than $5,425.00, less any amounts recovered from the other Defendants.  Trustee has reached a tentative agreement with Pipkins and Williamson to settle all claims against them for $2,500.00, conditioned on the outcome of this Motion.  Therefore, Trustee is entitled to judgment against Dixie under Count IV in the amount of $2,925.00, which represents the value of the Equipment at $5,425.00, less the amount to be recovered from the other Defendants of $2,500.00.

By separate order, Trustee's Motion for Summary Judgment will be granted as to Counts I, III and IV.

_/s/ Kathy A. Surratt-States_
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: September 22, 2008
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

David A. Sosne
8909 Ladue Rd.
St. Louis, MO 63124

Brian James LaFlamme
Summers, Compton, Wells & Hamburg
8909 Ladue Road
St. Louis, MO 63124

Alice Pipkin
d/b/a Building Blocks Preschool & Child
11416 Hwy 61
Hannibal, MO 63401

Dixie Marketing and Playground Equipment, Inc.
P.O. Box 634
Hartselle, AL 35640

Judy Williamson
d/b/a Building Blocks Preschool & Child
11416 Hwy 61
Hannibal, MO 63401